

2010 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-14-2010

# USA v. Billy Reynolds

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-4747

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2010

Recommended Citation

"USA v. Billy Reynolds" (2010). *2010 Decisions.* Paper 1337.
http://digitalcommons.law.villanova.edu/thirdcircuit_2010/1337

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2010 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 08-4747

UNITED STATES OF AMERICA
v.

BILLY JOE REYNOLDS,
Appellant

On Appeal from the United States District Court
for the Western District of Pennsylvania
District Court  No. 2-07-cr-00412-001
District Judge: The Honorable Donetta W. Ambrose

Argued October 27, 2009

Before: SMITH, FISHER, and STAPLETON, *Circuit Judges*

(Filed: May 14, 2010)

Donovan J. Cocas (argued)
Robert L. Eberhardt
Laura S. Irwin
Office of the United States Attorney
700 Grant Street
Suite 4000
Pittsburgh, PA 15219
      *Counsel for Appellee*

Candace Cain (argued)
Jay J. Finkelstein
Office of Federal Public Defender
1001 Liberty Avenue
1500 Liberty Center
Pittsburgh, PA 15222
      *Counsel for Appellant*

SMITH, *Circuit Judge.*

Billy Joe Reynolds pleaded guilty to one count of knowingly failing to register and update a registration, in violation of the Sex Offender Registration and Notification Act ("SORNA"), 18 U.S.C. § 2250. In this appeal, he challenges the constitutionality of SORNA and the legality of the Attorney General's Interim Rule implementing that law. *See* 72 Fed. Reg. 8894 (Feb. 28, 2007) (codified at 28 C.F.R. § 72.1-72.3). He also argues that his guilty plea should be invalidated because he is "actually innocent" of violating SORNA's registration requirements. We reject each of his arguments and will affirm the judgment of conviction.

First, Reynolds argues that SORNA's registration requirements exceed congressional power under the Commerce Clause. He also contends that punishing him for failing to comply with those requirements violates the Ex Post Facto Clause and offends due process. These claims are foreclosed by our decision in *United States v. Shenandoah*, 595 F.3d 151 (3d Cir. 2010).

Second, Reynolds argues that SORNA's registration regime violates the Tenth Amendment. We decline to reach this argument because Reynolds lacks standing to raise it. *Id.* at 161-62.

Third, Reynolds asserts that the Interim Rule is invalid because it violates the Non-

Delegation Doctrine. He also notes that the Interim Rule was made effective immediately and promulgated without a 30-day notice and comment period, and maintains that such enactment was not justified under the "good cause" exceptions of 5 U.S.C. § 553(b)(3)(B) and (d)(3). We decline to reach these arguments as well. In *Shenandoah*, we held that the Interim Rule affected only those sex offenders who "did not have a registration requirement prior to the passage of SORNA but nonetheless were subject to sex offender registration requirements after SORNA became law[.]" 595 F.3d at 163. We further held that the defendant, who was required to register as a sex offender under state law before SORNA was enacted—and was in fact so registered—lacked standing to challenge the Interim Rule. *Id.* at 163-64. Reynolds was likewise registered under state law before Congress passed SORNA. Therefore, the Interim Rule did not apply to him, and he lacks standing to challenge it. *Id*. at 163-64.

Finally, Reynolds argues that he was actually innocent of violating SORNA's registration requirement, because SORNA required him to register only after he habitually resided in Pennsylvania for at least 30 days, and he was present in the Commonwealth for only 29 days before his arrest. Reynolds waived the right to advance that argument in his plea agreement, however, and we conclude that enforcement of that waiver would not constitute a miscarriage of justice. *United States v. Gordon*, 544 F.3d 529, 533 (3d Cir. 2008).

The judgment of conviction will be affirmed.

3